IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTINE SHELTON )
)
v. ) NO. 3-11-0001
) JUDGE CAMPBELL
BRIDGESTONE METALPHA, )
U.S.A., INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 24). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

In this action, Plaintiff has sued her former employer for gender discrimination in violation of Title VII,[1] violations of the Americans with Disabilities Act ("ADA"),[2] and violations of the Family Medical Leave Act ("FMLA"), including retaliation.[3] Docket No. 17.[4]

Plaintiff asserts that, during her employment with Defendant, she was diagnosed with pappillary carcinoma of the thyroid, a type of cancer which limited her abilities in ways which qualify her as "disabled" under the ADA. Plaintiff claims that, in January of 2009, she requested an accommodation from Defendant because of her disability and requested leave under the FMLA.

---

[1] 42 U.S.C. §2000e, *et seq.*

[2] 42 U.S.C. § 12101, *et seq.*

[3] 29 U.S.C. § 2601, *et seq.*

[4] Although the first paragraph of Plaintiff's Amended Complaint identifies six Counts (causes of action), the Amended Complaint contains only three Counts, the three stated above.

Plaintiff admits that she received the full extent of her FMLA leave and used all remaining absences she was permitted to take under Defendant's attendance points policy. Docket No. 31, ¶¶ 27-28. Plaintiff's employment was terminated after she had exhausted all her FMLA leave and all of the points permitted under Defendant's attendance system. *Id.*, ¶ 29.

Plaintiff alleges that Defendant has a Leave of Absence Policy which provides employees extended leave if necessary. Plaintiff claims that she requested extended leave under this policy in February of 2009 as an accommodation for her disability. Plaintiff avers that she was denied extended leave while similarly situated male employees were allowed to take extended leave. She alleges that she complained to Defendant's Human Resources Manager beginning in February of 2009, and she was fired in April of 2009. Plaintiff asserts that the termination of her employment was motivated by her gender and her disability and in retaliation for her requests for leave and complaints of discrimination.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

GENDER DISCRIMINATION

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's gender. 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence of discrimination, Title VII claims are subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973).

Under this framework, Plaintiff must submit evidence from which a reasonable jury could conclude both that she has established a *prima facie* case of discrimination and that Defendant's legitimate, nondiscriminatory reason for its action is pretext for unlawful discrimination. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). To establish a *prima facie* case, Plaintiff must show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or similarly situated non-protected employees were treated more favorably. *Id.*

Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the plaintiff to show that the defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*.

Defendant claims that Plaintiff cannot produce admissible evidence of the fourth element, that similarly situated non-protected employees were treated more favorably than she. To be similarly situated, the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)). The Sixth Circuit has held that the *Mitchell* factors should not be rigidly applied. *Jackson*, 518 F.3d at 394. The appropriate test is to look at those factors relevant to the factual context, as opposed to a requirement that a plaintiff demonstrate similarity in all respects. *Id*. Plaintiff is not required to demonstrate an exact correlation between herself and others similarly situated, but she has to show that she and her proposed comparators were similar in all relevant respects. *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012).

Plaintiff has failed to present admissible evidence demonstrating that the persons to whom she compares herself were similarly situated. Plaintiff has not shown that these employees dealt with the same supervisor or worked in the same or similar jobs to herself. Despite the opportunity

4

for discovery,[5] she has not shown the particulars of their requests for extended leave or documented that they were given it. For example, Plaintiff has not shown how many attendance "points" each of these employees had prior to requesting leave or which manager within the Defendant company made the decision about the person's leave request.

Moreover, Plaintiff has not submitted Affidavits from any of the alleged comparators showing their similar circumstances to Plaintiff's. Plaintiff's beliefs and what she "heard" concerning these persons are not admissible or sufficient evidence to show what actually occurred with regard to their alleged leave. She has not shown, by admissible evidence, that these employees engaged in the same conduct or had the same employment history as Plaintiff.

Consequently, Plaintiff has not established the fourth element of her *prima facie* case of gender discrimination. For these reasons, Defendant's Motion for Summary Judgment on the gender discrimination claim is granted, and that claim is dismissed.

Alternatively, Defendant has stated a legitimate, nondiscriminatory reason for its action - the fact that Plaintiff had exhausted all her FMLA leave and accrued all the attendance points permitted under Defendant's policy.[6] The burden shifts to Plaintiff to show that this reason is a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Plaintiff may establish pretext by showing that the proffered reason (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to warrant the adverse

---

[5] Plaintiff has not alleged that Defendant denied her discovery concerning other employees. *See Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 753 (6th Cir. 2012).

[6] Defendant's "points" attendance policy allows employees to have a certain number of absences without receiving discipline. If an employee progresses to the maximum number of points, the team member's employment ends. Docket No. 26, ¶ 9.

action. *Id*. at 558. Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*.

Plaintiff claims that Defendant's articulated reason is pretext because it was never used in the past. Docket No. 30, p. 20. But Plaintiff has not shown, or even alleged, that Defendant had never before fired someone because she had exhausted all her FMLA leave and accrued all the attendance points permitted under Defendant's policy. Plaintiff has not carried her burden to show pretext or to show that her firing was motivated by her gender.

Thus, Defendant's Motion for Summary Judgment on Plaintiff's gender discrimination claim is granted, and that claim is dismissed.

## AMERICANS WITH DISABILITIES ACT

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he or she has a disability, as defined in the ADA; (2) he or she is qualified to perform the essential functions of the position, with or without reasonable accommodation;[7] and (3) he or she suffered an adverse employment action because of his or her disability. *McKay v. Toyota Motor Mfg., U.S.A.,* 110 F.3d 369, 371 (6th Cir. 1997); *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

---

[7] "Reasonable accommodation" may include making existing facilities readily accessible and usable by individuals with disabilities and job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9).

A medical leave of absence can constitute a reasonable accommodation under appropriate circumstances. *Conners v. SpectraSite Communications, Inc.,* 465 F.Supp.2d 834, 855 (S.D. Ohio 2006). When an employer has already provided a substantial leave, however, an additional leave period of a significant duration, with no clear prospects for recovery, is an objectively unreasonable accommodation. *Id.* Reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected. *Gantt v. Wilson Sporting Goods Co.,* 143 F.3d 1042, 1047 (6th Cir. 1998).

It is the Plaintiff's initial burden to propose an accommodation and show that it is objectively reasonable. *Conners,* 465 F.Supp.2d at 855. If Plaintiff carries that burden, then Defendant has the burden of persuasion on whether that accommodation would impose an undue hardship on Defendant. *Id.* Whether a requested accommodation is reasonable and whether it unduly burdens the employer are separate inquiries. *Bukta v. J.C. Penny Co., Inc.*, 359 F.Supp.2d 649, 667 (N.D. Ohio 2004). The inquiry into reasonableness requires a factual determination untethered to the defendant employer's particularized situation, while the question of whether a reasonable accommodation imposes an undue burden is evaluated with regard to the employer's specific situation. *Id.*

Here, Plaintiff claims she asked Defendant for an extended leave of two weeks to six months. Docket No. 31, ¶ 21. Defendant contends that she asked for an indefinite leave of absence. *Id.* Defendant argues that Plaintiff requested an open-ended leave and did not request a specific time to be away from work, but Plaintiff denies that fact. *Id*., ¶ 23. This disputed fact is material because whether a requested accommodation is open-ended and indefinite or whether it is for a specific time period are important factors in determining whether that accommodation is reasonable.

7

For example, in *Walsh v. United Parcel Serv.*, 201 F.3d 718 (6th Cir. 2000), the employee proposed that as a possible accommodation he be kept on indefinite medical leave until another position opened up. The court found that his request for additional leave was not a reasonable accommodation. The Sixth Circuit held that when an employer has already provided a substantial leave,[8] an additional leave period of a significant duration, with no clear prospects for recovery, is an objectively unreasonable accommodation. *Id*. at 725 - 727. Similarly, in *Connors*, the Court found that the employee's request for an unknown, undetermined amount of medical leave (after a leave of several months) was not reasonable. *Conners,* 465 F.Supp.2d at 855.

On the other hand, in *Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775 (6th Cir. 1998), the Sixth Circuit held that an employee's request for a definite, relatively short leave - 12 weeks - accompanied by a reasonable prospect of recovery was a reasonable accommodation. *Id*. at 781-83.

In *Bukta*, the employee proposed a leave of at least five months. *Bukta*, 359 F.Supp.2d at 668. She also provided the employer with expected dates of return. The court found that, because of factual issues, it could not determine (on summary judgment) as a matter of law whether the employee met her burden of showing that her proposed accommodation was reasonable. *Id*.

The Court finds that, as in *Bukta*, because of the factual disputes as to what exactly this Plaintiff requested, it cannot determine, as a matter of law, that her proposed accommodation was unreasonable. There is another step in this analysis, however. Even if Plaintiff could show that her proposed accommodation was reasonable, an employer need not make a reasonable accommodation

---

[8] The plaintiff in *Walsh* had already been given a year of paid disability leave and six additional months of unpaid leave. *Walsh* at 726.

if it can demonstrate that the accommodation would impose an undue hardship on the operation of its business. *Bukta*, 359 F.Supp.2d at 668. Although Defendant has argued why its attendance points policy is necessary, Defendant has not offered sufficient evidence to carry its burden of demonstrating, as a matter of law, that the requested accommodation here would impose an undue hardship on the company's operation.

Because there are genuine issues of material fact as to both the reasonableness of Plaintiff's proposed accommodation and the undue hardship which that accommodation would place upon Defendant, Defendant's Motion for Summary Judgment on the ADA claim is denied.[9]

### FAMILY AND MEDICAL LEAVE ACT CLAIM

Plaintiff has admitted that she received the full extent of her FMLA leave. Docket No. 31, 27. Therefore, any claim that she was denied FMLA leave is moot.[10]

Plaintiff claims that Defendant retaliated against her for taking FMLA leave. The FMLA prohibits employers from taking adverse employment actions against employees based on the employee's exercise of FMLA leave. *Bryant v. Dollar General Corp.*, 538 F.3d 394, 401 (6th Cir. 2008). Absent direct evidence of unlawful conduct, FMLA-retaliation claims are evaluated according to the burden-shifting framework used in Title VII discrimination claims. *Hunter v. Valley View Local Schools*, 579 F.3d 688, 692 (6th Cir. 2009); *Carter v. A.O. Smith Corp.*, 2011 WL 3154677 (M.D. Tenn. July 26, 2011).

---

[9] Plaintiff's claim, first asserted in her Response brief, that Defendant failed to engage in the ADA interactive process, was not pled in her Amended Complaint.

[10] Plaintiff's claim, first asserted in her Response brief, that she was denied FMLA leave to get a biopsy, was not pled in her Amended Complaint. Even so, she has admitted she received all the FMLA leave to which she was entitled.

9

A plaintiff makes a *prima facie* case of retaliation under the FMLA by showing that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Carter* at * 1; *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). An employer's motive is an integral part of the analysis because retaliation claims impose liability on employers that act against employees specifically because those employees invoked their FMLA rights. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 707 (6th Cir. 2008).

There is no dispute that Plaintiff engaged in a statutorily protected activity by taking FMLA leave. There is no dispute that she suffered an adverse employment action when she was fired. Defendant disputes the third element, that there was a causal connection between the two.

Plaintiff claims that Defendant fired her (instead of allowing her to take extended leave) in retaliation for her taking FMLA leave and asking for more leave pursuant to the alleged extended leave policy. Defendant argues that she was fired for legitimate, nondiscriminatory reasons – because she had exhausted all her FMLA leave and accrued all the attendance points permitted under Defendant's policy, not because she had used FMLA leave. Defendant asserts that the accumulation of points does not involve discretion, intent or retaliation. When an employee exhausts her attendance points, her employment is terminated.

There is no evidence, other than the temporal proximity alone, that Defendant's decision was motivated by retaliatory reasons. Temporal proximity is insufficient in and of itself to establish that the employer's nondiscriminatory reason for discharging the employee was in fact pretexual. *Donald v. Sybra,* Inc., 667 F.3d 757, 763 (6th Cir. 2012); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 317 (6th Cir. 2001).

Defendant's decision to fire Plaintiff was based upon the legitimate, nondiscriminatory reasons asserted above, facts which are admitted by the Plaintiff.

Even if Plaintiff could establish a causal connection sufficient to show the third element of her claim, which the Court does not find, Defendant has stated a legitimate, nondiscriminatory reason for its action, as explained above.[11]  Thus, the burden shifts back to Plaintiff to show that Defendant's proffered reason is a pretext for unlawful retaliation.  *Bryson*, 498 F.3d at 570.

Plaintiff may show pretext by showing (1) that the proffered reason had no basis in fact; (2) that the proffered reason did not actually motivate her firing; or (3) that the proffered reason was insufficient to motivate her discharge.  *Laws v. Healthsouth Northern Kentucky Rehabilitation Hospital Lmt. Partnership*, ___ F.Supp.2d ___, 2011 WL 5187320 at * 26 (E.D. Ky. 2011).

As indicated earlier, Plaintiff claims that Defendant's reason is pretext because it "was never used in the past" to terminate someone's employment.  Docket No. 30, p. 17.  Yet Plaintiff has not shown, or even alleged, that Defendant had never before fired someone because she had exhausted all her FMLA leave and accrued all the attendance points permitted under Defendant's policy.  Plaintiff has not carried her burden to show pretext or to show that her firing was motivated by retaliatory reasons.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's FMLA claim is granted, and that claim is dismissed.

---

[11] If a plaintiff satisfies the *prima facie* elements set forth above, the burden shifts to the defendant to offer evidence of a legitimate, nondiscriminatory reason for the adverse employment action.  *Bryson*, 498 F.3d at 570.

CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No.24) is GRANTED in part and DENIED in part. Plaintiff's claims for gender discrimination and FMLA retaliation are DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE